UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JUAN MARTINEZ HERRERA,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>SMITH CORRECTIONAL FACILITY,<br><br>　　　　　Respondent. | No. ED CV 11-1464-JFW (PLA)<br><br>**ORDER TO SHOW CAUSE RE LACK OF EXHAUSTION** |

On September 14, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"), in which he challenges his 2005 conviction in the Riverside County Superior Court under California Penal Code §§ 148(a)(1), 269(a)(1), 288(a), 288(b)(1), and 647.6(a). (See Petition at 2). For the reasons expressed below, it appears that the instant Petition is unexhausted.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28

U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it appears that petitioner has not exhausted his state judicial remedies in connection with this matter. (See Petition at 3-5). Although petitioner states that he appealed his conviction (see Petition at 3), the only information he provides about that appeal is his statement that he appealed his conviction to the Riverside County Superior Court, and that the appeal was denied on February 17, 2009. (Id.) Petitioner does not state that he has appealed his conviction to the California Court of Appeal, or filed a Petition for Review with the California Supreme Court. Further, he concedes that he has not filed any habeas petitions in state court with respect to the subject judgment, as he "did not know about that." (Petition at 4-5). As the instant Petition appears to be unexhausted, it is subject to being dismissed without prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

Further, a petitioner seeking habeas corpus relief must name the state officer having custody of him or her as the respondent to the Petition. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. This person typically is the warden of the facility

in which the petitioner is incarcerated. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) (explaining that a federal habeas petitioner's immediate custodian is the only party that can actually produce "the body" of the petitioner); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (holding that where a prisoner files a § 2241 petition challenging the manner of execution of his sentence, the "prisoner must name the warden of the penitentiary where he is confined as respondent"). See also Ortiz-Sandoval v. Gomez, 81 F.3d 891, 895-96 (9th Cir. 1996), as amended (holding that California Director of Corrections may, under certain circumstances, be properly named as a respondent in a habeas action). Failure to name the correct respondent deprives federal courts of personal jurisdiction. Stanley, 21 F.3d at 360; Dunne, 875 F.2d at 249. As the current petition does not name the proper respondent for a habeas proceeding, this Court lacks jurisdiction to entertain the action.

For the foregoing reasons, **no later than October 6, 2011**, petitioner is ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies and for failure to name a proper respondent. Filing by petitioner of an Amended Petition clearly showing that petitioner has exhausted his state judicial remedies and naming a proper respondent shall be deemed compliance with this Order to Show Cause. **Petitioner is advised that his failure to timely respond to this Order will result in the action being dismissed for failure to prosecute and follow Court orders.**

The Court Clerk is directed to send petitioner a copy of his current Petition, together with blank copies of the forms required when filing a Petition for Writ of Habeas Corpus by a Person in State Custody. Any Amended Petition or other filing with the Court shall use the case number assigned to this action.

DATED: September 16, 2011

　　　　　　　　　　　　　　　　　　　　　　　　　　PAUL L. ABRAMS
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE